# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NEREIDA ROSA,

    Plaintiff,

CIVIL ACTION NO. 3:11-CV-27

(JUDGE CAPUTO)

POCONO MEDICAL CENTER,
KATHLEEN E. KUCK, and BETH KERN-SKRAPITS,

    Defendants.

## MEMORANDUM

Presently before the Court is Defendants' motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, Defendants move to strike from the complaint any allegations of actions that took place beyond the three-hundred day (300) period provided for by Title VII and to strike Plaintiff's claim for punitive damages under Title VII. For the reasons stated below, Defendants' motion will be granted in part and denied in part.

## BACKGROUND

The facts alleged in the Complaint are as follows.

Plaintiff Nereida Rosa is a Hispanic female of Puerto Rican national origin and is a citizen of Pennsylvania. Plaintiff was an employee of Pocono Medical Center in East Stroudsburg, Pennsylvania from July 1989 until June 2009. Plaintiff was initially hired as an "Atlas Abstractor" and was eventually promoted to Lead Abstractor. Defendant Pocono Medical Center is a Pennsylvania corporation. Defendant Kathleen E. Kuck is a citizen of Pennsylvania who at the times relevant to this action was employed as President and CEO of Pocono Medical Center. Defendant Beth Kern-Skrapits is a citizen of Pennsylvania who

at the times relevant to this action was employed as Director of Quality Management by Pocono Medical Center.

At all relevant times, Plaintiff maintained satisfactory work habits and job performance. Beginning around April 2005 and continuing through June 20009, employees and supervisors of Pocono Medical Center subjected the Plaintiff to intentional discrimination based on her ethnic\national origin, including: making derogatory comments about Plaintiff's nationality; telling Plaintiff she did not understand English; denying Plaintiff a promotion, despite her favorable job evaluations; reducing Plaintiff to a part-time position after she protested about discriminatory statements; forcing Plaintiff to work in basement while other employees with less seniority worked upstairs; and denying Plaintiff opportunity for advancement.  Defendant Kern-Skrapits also refused to train or assign Plaintiff to the Quantros system of coding, and would often remark that Plaintiff couldn't be trained or promoted because of Plaintiff's "language barrier" or because of her "English."  When Plaintiff complained about the discrimination to Defendants Kern-Skrapits and Kuck, the complaints were not addressed or investigated, rather, Plaintiff was further excluded, marginalized, and harassed.  On January 9, 2009, after Plaintiff was demoted to part-time status as retaliation for her complaints by Defendant Kern-Skrapits, Defendant Skrapits told Plaintiff to "go home and have some wine the way your people do."  On January 27, 2009, Plaintiff, through counsel, sent a letter to Pocono medical Center complaining of retaliation and discrimination. (Pl. Ex. "A").  On June 9, 2009, Plaintiff was terminated on false and pretextual reasons.

Plaintiff field a complaint jointly with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission("PHRC") on July 22, 2009.

2

After receiving a right-to-sue letter from the EEOC on October 12, 2010, Plaintiff filed her Complaint on January 5, 2011. The action was therefore filed within ninety (90) days of receipt of the right-to-sue notice, a necessary prerequisite to bringing suit in federal court under Title VII. Further, the suit was brought over one year after the filing with the PHRC, as required by the Pennsylvania Human Relations Act ("PHRA").

In the instant suit, Plaintiff has brought the following claims: racial discrimination and hostile work environment under Title VII (Count I); retaliation under Title VII (Count II); racial discrimination and hostile work environment under the PHRA (Count III); retaliation under the PHRA (Count IV); aiding and abetting under the PHRA (Count V); and punitive damages. Defendants filed a motion to dismiss on March 28, 2011. (Doc. 5.) The motion has been briefed and is ripe for review.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant

3

fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint

fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

In their Motion to dismiss, Defendants claim that any allegations falling outside the three-hundred (300) day period required by the EEOC and the one-hundred and eighty (180) day period required by the PHRC should be stricken. Defendants claim that Plaintiff's punitive damages claim should be stricken as well.

**I.      EEOC's and the PHRC's limitations periods**

Plaintiff's assertions of discrete incidents that allegedly occurred outside the EEOC's and PHRC's limitations period for filing charges are time-barred and will therefore be stricken.

In order to sustain a claim for discrimination under Title VII a plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within one-hundred and eighty (180) days after the alleged unlawful employment practice occurred, or within three-hundred (300) days after the alleged unlawful employment practice occurred if the person has initially instituted proceedings with a state or local fair employment practices agency. Title VII of the Civil Rights Act of 1964, § 706(e), 42 U.S.C. § 2000e-5(e). A Title VII plaintiff may only litigate acts within the charge-filing period. *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977). To bring suit under the PHRA, a plaintiff must have first filed an administrative complaint with the PHRC within 180 days of the date of the alleged act of discrimination. 43 Pa. Cons. Stat. §§ 959(h).

In Title VII cases, the United States Supreme Court has recognized that the filing of a timely charge is "a requirement that, like a statute of limitation, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc*., 455 U.S. 385, 393

(1982); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir.1994). Similarly, Pennsylvania courts allow equitable tolling of the PHRA's limitations period. *See, e.g., Yeager v. UPMC Horizon*, 698 F. Supp. 2d 523 (W.D. Pa. 2010).

One such equitable exception to the timely filing requirement is the *continuing violation* theory. Under this theory, the plaintiff may pursue a Title VII claim for discriminatory conduct that began prior to the filing period if he can demonstrate that the act is part of an ongoing practice or pattern of discrimination of the defendant. *Bronze Shields, Inc. v. New Jersey Dept. of Civ. Serv.*, 667 F.2d 1074, 1081 (3d Cir.1981). Previously, the Third Circuit held:

> To establish that a claim falls within the continuing violations theory, the plaintiff must do two things. First, he must demonstrate that at least one act occurred within the filing period: "The crucial question is whether any present violation exists." *United Airlines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977). Next, the plaintiff must establish that the harassment is "more than the occurrence of isolated or sporadic acts of intentional discrimination." *Jewett*, 653 F.2d at 91. The relevant distinction is between the occurrence of isolated, intermittent acts of discrimination and a persistent, on-going pattern.

*West v. Phila. Elec. Co.*, 45 F.3d 744, 755 (3d Cir. 1995). However, there has been a substantially amount of confusion as to what exactly counts as an unlawful employment "practice" and when such a practice "occurs" under 42 U.S.C. § 2000e-5(e). The United States Supreme Court sought to clarify these issues in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). There, the Court first distinguished between Title VII claims of discrete discriminatory acts and hostile work environment claims. With respect to discrete discriminatory claims, the Court held that they occur on the day that they happen. *Morgan*, 536 U.S. at 111. Next, reviewing precedent, the Court held, regarding these claims:

6

> First, discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180– or 300–day time period after the discrete discriminatory act occurred. The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim. . . Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice."

*Id.* at 113-14. While the Court stated that the time period for filing a charge is subject to equitable doctrines such as tolling or estoppel, these doctrines should be apply sparingly. *Id.* (internal citation omitted). In contrast, with respect to hostile work environment claims, the Court held:

> A hostile work environment claim is composed of a series of separate acts that collectively constitute one "unlawful employment practice." 42 U.S.C. § 2000e–5(e)(1). The timely filing provision only requires that a Title VII plaintiff file a charge within a certain number of days after the unlawful practice happened. It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.

*Id.* at 117.

Here, there is no question that several key incidents alleged in Plaintiff's complaint – including her demotion to part-time status following her complaints of discrimination and her termination several months after Plaintiff's attorney sent Defendants a letter complaining of discrimination and retaliation – occurred within the three-hundred day limitations period under Title VII and the one-hundred and eighty day limitations period under the PHRA. The question, then, is whether or not to strike those allegations concerning derogatory\racist

7

remarks, failure to promote, denial of advancement, failure to train, etc. that fall outside these limitations periods. Following *Morgan*, since all the acts and incidents relevant to Plaintiff's hostile work environment claim collectively constitute *one* "unlawful employment practice," they can all be considered as part of Plaintiff's claim, regardless of when they occurred. However, specific acts and incidents listed in the complaint such as failure to promote, failure to train, and moving Plaintiff to the basement, which fall outside of the limitations period will be stricken since they are discrete and do not constitute part of a continuing violation. Nevertheless, as reiterated in *Morgan*, they can still be used as evidence to support Plaintiff's discrimination claims. With that proviso in mind, the parts of the Complaint referring to those discrete acts and incidents will be stricken insofar as they relate to Plaintiff's *discrimination* claims.

## II.     Plaintiff's Claims for Punitive Damages

Plaintiff's claim for punitive damages under Title VII will not be stricken. Defendants claim that Plaintiff's complaint does not allege a level of conduct that would warrant the imposition of punitive damages. However, Defendants misstate the applicable legal standard.

42 U.S.C.A. § 1981a(b)(1) provides:

> A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

The United States Supreme Court has stated: "[t]he terms 'malice' or 'reckless indifference' pertain to the employer's knowledge that it may be acting in violation of federal law, not its

8

awareness that it is engaging in discrimination." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535 (1999). The Second Circuit has glossed this definition to mean that, in order for punitive damages to be awarded, "[plaintiff] ha[s] to show that [defendant] discriminated in the face of a perceived risk that its actions would violate federal law." *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 137 (2nd Cir. 2008).

Here, Plaintiff alleges that, *after* receiving a letter from Plaintiff's attorney which explicitly spelled out the federal laws that Defendants could be violating in their treatment of Plaintiff, Defendants continued their discriminatory conduct and eventually fired Plaintiff in retaliation for her complaints. These allegations clearly allege conduct that could warrant the imposition of punitive damages under 42 U.S.C.A. § 1981a(b)(1), and Plaintiff's request will therefore not be stricken.

## **CONCLUSION**

For the reasons stated above, Defendants' Motion to Dismiss (Doc. 5) will be granted in part and denied in part. An appropriate order follows.

 4/29/11                                                                                          /s/ A. Richard Caputo
Date                                                                                                     A. Richard Caputo
                                                                                                              United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NEREIDA ROSA,<br><br>    Plaintiff,<br><br>POCONO MEDICAL CENTER,<br>KATHLEEN E. KUCK, and BETH KERN-SKRAPITS,<br><br>    Defendants. | CIVIL ACTION NO. 3:11-CV-27<br><br>(JUDGE CAPUTO) |

**ORDER**

**NOW**, this ___29th___ day of April, 2011, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED** in part and **DENIED** in part as follows:

(1) Any claims of discrete discrimination occurring outside the Title VII and PHRA limitations periods, specifically, claims of failure to promote, failure to train, and moving Plaintiff to basement, are **STRICKEN** with respect solely to Plaintiff's discrimination claims.

(2) Defendant's motion to dismiss Plaintiff's claims for punitive damages is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge